UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KEEL,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. 1:17-cv-01522-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL<br><br>ECF Nos. 12, 13, 14 |

This matter is before the court on Charles Keel's ("claimant") complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding claimant's application for Disability Insurance Benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the U.S. Court of Appeals for the Ninth Circuit. ECF Nos. 6, 7. At a hearing on March 1, 2019, the court heard argument from the parties. Having reviewed the record, administrative transcript, briefs of the parties, and applicable law, and having considered arguments raised at the hearing, the court finds as follows:

Claimant suffers from various physical and mental limitations, some of which may be traceable to trauma experienced during his stint with the Army. The Administrative Law Judge

("ALJ") found that claimant has six severe impairments: "cervical and lumbar degenerative disc disease; asthma; chronic obstructive pulmonary disease; bipolar disorder; posttraumatic stress disorder; and polysubstance abuse disorder." AR. 27.[1] The ALJ found, however, that claimant was not disabled and could perform jobs that exist in significant numbers in the national economy—including jobs as a marker, cashier,[2] and cafeteria attendant. AR 37-38. We remand because (1) the ALJ misread MRI evidence that played an important role in her non-disability determination and (2) the ALJ's hypothetical posed to the vocational examiner ("VE") omitted the moderate limitations in claimant's concentration, pace, and persistence.

In evaluating claimant's spinal impairment, the ALJ relied heavily on MRI evidence, describing in narrative form the results of at least four MRIs. *See* AR 31-32. The ALJ seems to have been relying on her own interpretation of these MRIs: The consulting physicians on whom the ALJ partly relied in making her findings do not appear to have reviewed the MRIs, and, although Mr. Keel's principal treating physician interpreted the MRIs, the ALJ give his opinion "little weight." AR 36. While it may not be improper for an ALJ to read and interpret MRI evidence, in this case, the ALJ did not do so properly. The ALJ stated—apparently in reliance on MRI evidence—that "The claimant does not have a spine impairment that compromises the nerve root or spinal cord." AR 28. However, MRI findings from June 2015 appear to state the opposite, documenting "compressed nerve roots of the cauda equina."[3] Given the apparent centrality of MRI evidence in the ALJ's finding, we cannot know whether the ALJ's evaluation of claimant's impairments would have differed, had the ALJ properly interpreted the MRI evidence. Remand is therefore required.

Separately, the ALJ ran afoul of Ninth Circuit precedent in posing a hypothetical to the VE. Under *Brink v. Comm'r Soc. Sec. Admin.*, "A hypothetical question posed to a vocational expert must include all of the claimant's functional limitations, both physical and mental. 343 F.

---

[1] All "AR" citations refer to the administrative record. *See* ECF No. 8.

[2] The ALJ identified "cashier II, DOT #211.462-101."

[3] The MRI report also referenced "Constricted, narrowed appearance of the spinal canal."

2

App'x 211, 212 (9th Cir. 2009) (internal quotation marks omitted). In a case where an ALJ has found that a claimant has "moderate difficult maintaining concentration, persistence, or pace," any hypothetical question posed to a VE must take into account such a limitation, or the hypothetical is incomplete and the VE's resulting opinion is not substantial evidence. *Id.* In this case, the ALJ found that claimant has moderate difficulties in concentration, persistence, or pace," AR 28, but the first hypothetical individual that the ALJ described to the VE did not necessarily have these limitations.[4] The ALJ appears to have relied on the VE's response to this hypothetical in finding that an individual with claimant's residual functional capacity could work as a marker, cashier II or cafeteria attendant. *See* AR 38. Notably, the ALJ also asked the VE whether a hypothetical individual with the limitations described in the first hypothetical, but with an additional inability to "sustain concentration for two-hour blocks throughout an eight hour workday," could perform the described jobs, and the ALJ answered in the negative. AR 70. Given that, under *Brinks*, limitations in concentration, persistence and pace identified at step three of the disability-evaluation process—when evaluating whether an impairment equates in severity to a listed impairment—must be factored into hypotheticals posed to a VE, we find that the VE's opinion in this case was based on an incomplete hypothetical and thus that the ALJ's decision that in part relied on it was not based on substantial evidence.[5]

For the foregoing reasons and those stated on the record, claimant's request for remand is granted.

**Order**

The decision of the Commissioner of the Social Security Administration is reversed, and the matter is remanded for further administrative proceedings consistent with this opinion.

---

[4] The ALJ stated: "Hypothetical individual can understand, remember and carry out detailed but not complex instructions. Limited to occasional decision making, and occasional changes in the work setting." AR 69.

[5] Claimant raises several other objections to the ALJ's opinion. We need not reach them here.

IT IS SO ORDERED.

Dated: March 5, 2019

/s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 200.