UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KEEL,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.  1:17-cv-01522-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>ECF No. 25 |

      Plaintiff moves for the award of attorney fees in the amount of $19,468.50 to plaintiff's attorney Young Yim under 42 U.S.C. 406(b).  ECF No. 25.  Plaintiff and his attorney entered into a written contingent fee agreement that provided for a fee in the amount of 25 percent of past-due benefits.  ECF No. 27-1 at 2.  Plaintiff's attorney is requesting 25 percent of total past-due benefits, which amounts to $19,468.50.[1]

      An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits upon a favorable judgment for claimant.  42 U.S.C. § 406(b)(1)(A).  A contingency fee agreement is unenforceable if it provides for fees exceeding 25 percent of past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court must review

---

[1] The court previously awarded plaintiff's attorney a fee of $7,499.52 under the Equal Access to Justice Act, which will be remitted to plaintiff.  ECF No. 23.

contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. In doing so, the court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, after carefully considering the fee agreement and the applicable law, I find that the requested fees are reasonable. In support of the motion, plaintiff's counsel has attached a written fee agreement that provided for a contingent fee of twenty-five percent of any awarded retroactive benefits. ECF No. 27-1. Plaintiff's counsel accepted the risk of loss in the representation. Plaintiff's counsel additionally expended a total of 40.3 hours of attorney time while representing plaintiff before the District Court. ECF No. 27-1 at 5. The requested fee amount is twenty-five percent of past-due benefits. As a result of counsel's work, the matter was remanded for further proceedings before an Administrative Law Judge, who issued a fully favorable decision and awarded plaintiff benefits. There is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, plaintiff was able to secure a fully favorable decision and remand for further proceedings, including an award of past-due benefits.

Accordingly, plaintiff's motion for attorney fees, ECF No. 25, is granted. The fee in the sum of $19,468.50 is approved to be paid by defendant to counsel for plaintiff.

IT IS SO ORDERED.

Dated:   March 26, 2021                                   _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE